UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAMADOU DIALLO,<br><br>            Petitioner,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>            Respondent. | CASE NO.  C07-125-TSZ-MJB<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On February 7, 2007, petitioner, proceeding pro se, filed a Petition for an Emergency Stay of Deportation, seeking an injunction enjoining the United States Immigration and Customs Enforcement ("ICE") from removing him from the United States. (Dkt. #6 at 2). Petitioner asserts that he is eligible for asylum and wishes to file a motion to reopen with the Immigration Court in order to apply for asylum. (Dkt. #6 at 3). Respondent has filed an opposition to petitioner's motion for stay of removal. (Dkt. #11). Respondent argues that, under the REAL ID Act of 2005, this Court lacks subject matter jurisdiction over petitioner's habeas petition "because it seeks nothing more than to prevent the execution of his removal order," and thus the Court is precluded from staying petitioner's removal. *Id.* at 5.

REPORT AND RECOMMENDATION
PAGE – 1

Having carefully reviewed the entire record, I recommend that petitioner's motion for stay of removal, Dkt. #6, be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Mamadou Diallo is a native and citizen of the Congo. (Dkt. #1 at 1; Dkt. #11, Ex. A). He entered the United States on December 29, 1995, as a B-1 visitor with authorization to remain in the United States for a temporary period not to exceed January 22, 1996. (Dkt. #11, Ex. A). On September 12, 1997, the former Immigration and Naturalization Service[1] ("INS") issued a Notice to Appear, placing petitioner in removal proceedings and charging petitioner with removal under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), as an alien who remained in the United States for a time longer than permitted. (Dkt. #11, Ex. A). On July 29, 1998, petitioner failed to appear at a hearing before an Immigration Judge ("IJ") and was ordered removed *in absentia*. (Dkt. #11, Ex. B).

On February 17, 2000, petitioner, proceeding through counsel, filed a motion to reopen his immigration proceedings to file an application for asylum. (Dkt. #11, Ex. C). The IJ granted petitioner's motion to reopen the immigration proceedings on March 15, 2000. (Dkt. #11, Ex. D). On May 8, 2003, the IJ denied petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to the Congo. (Dkt. #11, Ex. E). The Board of Immigration Appeals ("BIA") affirmed the IJ's decision on June 30, 2004. (Dkt. #11, Ex. F). Accordingly, petitioner's order of removal became administratively final on June 30, 2004. INA § 101(47)(B)(I), 8 U.S.C. § 1101(47)(B)(I).

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. §§ 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security.

REPORT AND RECOMMENDATION
PAGE – 2

On January 9, 2007, ICE fugitive operations team arrested petitioner and began the process of removing him to the Congo pursuant to the prior removal order. (Dkt. #11, Ex. G).

On February 7, 2007, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Dkt. #5, and a motion for stay of removal, Dkt. #6. The Court subsequently directed respondent to file a response to petitioner's motion for stay of removal, and to file a return to the habeas petition as provided in 28 U.S.C. § 2243. (Dkt. #7). On February 26, 2007, respondent filed an opposition to petitioner's motion for stay of removal. (Dkt. #11).

### III.  DISCUSSION

The standard of review for a stay of removal is set forth in *Abassi v. INS*, 143 F.3d 513 (9th Cir. 1998); *see also Andreiu v. Ashcroft*, 253 F.3d 477, 483 (9th Cir. 2001) (en banc) (concluding that § 1252(f)(2) does not limit the power of federal courts to grant a stay of removal). Under *Abassi*, petitioner must show either: (1) the probability of success on the merits plus the possibility of irreparable harm, or (2) that serious legal questions are raised and the balance of hardships tips in petitioners favor. *Abassi*, 143 F.3d at 514. The Court finds that petitioner meets neither prong of the *Abassi* test because the Court lacks jurisdiction to consider the arguments raised in the habeas petition.

On May 11, 2005, Congress enacted the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, which amended INA § 242, 8 U.S.C. § 1252, by adding the following jurisdictional provision:

> Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for

REPORT AND RECOMMENDATION
PAGE – 3

> judicial review of an order of removal entered or issued under any provision of this chapter . . .

INA § 242(a)(5), 8 U.S.C. § 1252(a)(5). This statutory provision makes clear that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, is to file a Petition for Review with the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). Furthermore, INA § 242(g), 8 U.S.C. § 1252(g), entitled "Exclusive jurisdiction," now states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or <u>execute removal</u> orders against any alien under this chapter.

INA § 242(g), 8 U.S.C. § 1252(g) (emphasis added).

Here, petitioner's habeas petition seeks nothing more than to prevent the execution of his removal order to the Congo. Accordingly, the Court lacks jurisdiction to review petitioner's claims because they arise from the decision of the Attorney General to execute his removal order. INA § 242(g), 8 U.S.C. § 1252(g). Accordingly, petitioner cannot show any probability of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in petitioner's favor. Because this Court lacks jurisdiction to review the merits of petitioner's habeas petition, this Court also lacks jurisdiction to stay petitioner's removal order. *See Enwonuw v. Chertoff*, 2006 WL 3833481, *1 (W.D.N.Y. 2006) ("this Court and other district courts throughout the country have held that because district courts have no jurisdiction to review final orders of removal, they have no jurisdiction to review stays of removal"); *see also Sofowora v. Ashcroft*, 2005 WL 2135198

REPORT AND RECOMMENDATION
PAGE – 4

(E.D.Cal. 2005) ("Since this Court is without jurisdiction to consider claims challenging a final order of removal, this Court is similarly without jurisdiction to grant equitable relief, e.g., a stay of removal."). Therefore, the Court recommends that the motion for stay be denied.

IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's motion for stay of removal (Dkt. #6) be DENIED.

DATED this 6th day of March, 2007.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 5