UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAMADOU DIALLO,

               Petitioner,

     v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

               Respondent.

CASE NO.  C07-125-TSZ-MJB

REPORT AND
RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

On February 7, 2007, petitioner Mamadou Diallo, proceeding pro se, filed a Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. #5), a Petition for an Emergency

Stay of Deportation (Dkt. #6), and a Motion for Stay of Deportation Pending My MTR [Motion

to Reopen] (Dkt. #6, Attach. #1).  Petitioner requests that the Court issue an order restricting

the U.S. Immigration and Customs Enforcement ("ICE") from removing him from the United

States and releasing him on bond to enable him to file a Petition for Review and a Motion to

Reopen his immigration proceedings.  (Dkts. #5 and #6).  On March 6, 2007, the undersigned

Magistrate Judge issued a Report and Recommendation, recommending that petitioner's motion

for stay of deportation be denied.  (Dkt. #13).  On March 22, 2007, respondent filed a Return

REPORT AND RECOMMENDATION
PAGE – 1

Memorandum and Motion to Dismiss, arguing the Court lacks subject matter jurisdiction to consider petitioner's habeas petition under the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005).  (Dkt. #19).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #5) be DENIED and respondent's motion to dismiss (Dkt. #19) be GRANTED.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of the Congo.  (Dkt. #17 at L169).  He entered the United States on December 29, 1995, as a B-1 visitor with authorization to remain in the United States for a temporary period not to exceed January 22, 1996.  (Dkt. #17 at L17).  On September 12, 1997, the former Immigration and Naturalization Service[1] ("INS") issued a Notice to Appear, placing petitioner in deportation proceedings and charging petitioner with being deportable under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), as an alien who remained in the United States for a time longer than permitted.  (Dkt. #11, Ex. A). On July 29, 1998, petitioner failed to appear at a hearing before an Immigration Judge ("IJ") in New York, and was ordered removed from the United States to the Congo *in absentia*.  (Dkt. #11, Ex. B).

On February 17, 2000, petitioner, proceeding through counsel, filed a motion to reopen his immigration proceedings to file an application for asylum.  (Dkt. #11, Ex. C).  The IJ granted petitioner's motion to reopen the immigration proceedings on March 15, 2000.  (Dkt. #11, Ex. D).  On May 8, 2003, following a removal hearing, the IJ denied petitioner's applications for

---

[1]Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security.

REPORT AND RECOMMENDATION
PAGE – 2

asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to the Congo.  (Dkt. #11, Ex. E).  Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who affirmed the IJ's decision without opinion on June 30, 2004.  (Dkt. #11, Ex. F).  Accordingly, petitioner's order of removal became administratively final on June 30, 2004.  *See* INA § 101(47)(B)(I), 8 U.S.C. § 1101(47)(B)(I).

On January 9, 2007, ICE fugitive operations team arrested petitioner and began the process of removing him to the Congo pursuant to the prior removal order.  (Dkt. #11, Ex. G).

On February 7, 2007, petitioner filed the instant Petition for Writ of Habeas Corpus (Dkt. #5) and emergency motion for stay of deportation (Dkt. #6).  The Court subsequently directed respondent to file a response to petitioner's motion for stay of deportation (Dkt. #7), and a return to the habeas petition as provided in 28 U.S.C. § 2243.  (Dkt. #8).  On February 26, 2007, respondent filed an opposition to petitioner's motion for stay of removal.  (Dkt. #11). On March 3, 2007, the undersigned Magistrate Judge issued a Report and Recommendation, recommending that petitioner's motion for stay of deportation be denied.  (Dkt. #13).  On March 15, 2007, petitioner filed a Petition for Review with the Ninth Circuit Court of Appeals and a motion for stay of deportation.  *See Diallo v. Gonzales*, No. 07-71011 (9ᵗʰ Cir. filed March 15, 2007).  Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay of removal to automatically issue.  On March 16, 2007, petitioner also filed a Motion to Reopen his immigration proceedings with the BIA, which remains pending.

On March 27, 2007, respondent filed a Return Memorandum and Motion to Dismiss. (Dkt. #19).  Petitioner did not file a response.

On May 23, 2007, the Ninth Circuit granted petitioner's motion for voluntary dismissal,

REPORT AND RECOMMENDATION
PAGE – 3

terminating the case pursuant to FRAP 42(b).  *See Diallo v. Gonzales*, No. 07-71011 (9th Cir. May 23, 2007).

### III. DISCUSSION

Petitioner asserts that he is eligible for cancellation of removal and for protection under the Convention Against Torture and requests that he be released on bond pending adjudication of his motion to reopen currently pending with the BIA.  Petitioner states that he has no criminal history, has strong family and community ties, and would comply with all release orders.[2]

The standard for granting release pending a decision on a habeas petition is very high. To meet it, petitioner must show that his case is an extraordinary one presenting either "special circumstances or a high probability of success."  *See Land v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989), *citing  Aronson v. May*, 85 S. Ct. 3, 5 (1964).  Under this standard, petitioners must first show that their cases are extraordinary, and then, because the second half of the test is phrased in the alternative, petitioners may meet either prong in order to gain release.  Here, however, petitioner cannot satisfy either prong because he is lawfully detained pending the execution of his administratively final order of removal.

"When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'"  *Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004)(citing *Xi v. INS*, 298 F.3d 832, 834-35 (9th Cir. 2002)); INA § 241(a)(1)(A),

---

[2]The remaining claim in petitioner's habeas petition seeks only to address the fact of petitioner's continued detention.  Thus, the REAL ID Act does not divest this Court of jurisdiction because the Act was "not intended to 'preclude habeas review over challenges to detention that are independent of challenges to removal orders.'"  *Hernandez v. Gonzales*, 424 F.3d 42, 42-43 (9th Cir. 2005) (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005); s*ee also Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006) ("By its terms, the jurisdiction stripping provision does not apply to federal habeas corpus petitions that do not involve final orders of removal.").

REPORT AND RECOMMENDATION
PAGE – 4

8 U.S.C. § 1231(a)(1)(A).  The removal period begins on the latest of the following:

    (i) The date the order of removal becomes administratively final.

    (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>

    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement.").  During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").  Where removal cannot be accomplished within the ninety-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).  *See Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  In *Zadvydas,* the Supreme Court determined that the government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States.  *Zadvydas*, 533 U.S. at 701.  After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future."  *Id.*  The petitioner has the burden of coming forward with "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future."  *Id*.  If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing.  *Id.*

REPORT AND RECOMMENDATION
PAGE – 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

In the present case, the Ninth Circuit granted petitioner's motion for voluntary dismissal and terminated the case on May 23, 2007, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, petitioner's ninety-day removal period will expire on or about August 23, 2007, and the six month presumptively reasonable period will expire on or about November 23, 2007. Accordingly, petitioner is subject to detention pending the execution of his final order of removal, and the Court must deny habeas relief.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of July, 2007.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 6