UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAMADOU DIALLO, (Agency # A 73-554-700), <br><br> Petitioner, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), <br><br> Respondent. | No. C07-125Z <br><br> ORDER |

THIS MATTER comes before the Court on the Government's motion to dismiss the petition for writ of habeas corpus and related motions. The Court, having considered petitioner's Motion for Stay of Deportation, Petition for Writ of Habeas Corpus, Petition for Emergency Stay of Deportation, Rebuttal [sic] (docket no. 14), and Motion for Expedited Removal, the Government's Opposition to Motion for Stay of Removal (docket no. 11), Return Memorandum and Motion to Dismiss (docket no. 19), and Notice to Court (docket no. 22), the Administrative Record (docket no. 17), and the Reports and Recommendations of United States Magistrate Judge Monica J. Benton, dated March 6, 2007, and July 25, 2007, does hereby find and ORDER:

ORDER 1–

(1)  The Reports and Recommendations, docket nos. 13 and 20, are ADOPTED IN PART and MODIFIED IN PART;

(2)  The Motion for Stay of Deportation, docket no.1, Petition for Emergency Stay of Deportation, docket no. 6, and Motion for Expedited Removal, docket no. 21, are DENIED.  The Petition for Writ of Habeas Corpus, docket no. 5, is DISMISSED.

(3)  The Clerk is directed to send a copy of this Order to petitioner, to all counsel of record, and to the Honorable Monica J. Benton.

**Background**

On June 21, 1997, petitioner Mamadou Diallo applied for asylum and withholding of deportation, alleging *inter alia* that he "could be arrested or killed if [he] were to return to Congo," his country of origin.  Admin. Record at L35-L29 (docket no. 17).  On September 2, 1997, petitioner was deemed "not credible" and his application for asylum was referred to the Immigration Court.  *Id.* at L39-L37.  On September 12, 1997, a Notice to Appear issued, indicating that petitioner had been admitted to the United States, but was deportable for the following reasons:  he is not a citizen or national of the United States, he is a native and citizen of Congo, he was admitted to the United States on a nonimmigrant B-1 visa with authorization to remain until January 22, 1996, and he remained in the United States beyond the period allowed without authorization from the Immigration and Naturalization Service.  *Id.* at L48.  The Notice to Appear directed petitioner to appear before the Immigration Court on October 9, 1997.  *Id.*  The hearing was rescheduled to July 29, 1998, *id.* at L50-L49, at which time petitioner failed to appear, and an order of removal was issued in absentia, *id.* at L51.

In February 2000, petitioner, assisted by counsel, moved to reopen and reconsider, proffering documentation indicating that he had been suffering from pneumonia at the time of the July 1998 hearing.  *Id.* at L60-L58.  The motion to reopen was not opposed, and it was granted on March 15, 2000.  *Id.* at L65.  Petitioner failed to appear for a subsequent hearing,

ORDER  2–

1  and on March 19, 2002, another order of removal was issued in absentia. *Id.* at L66. Again
2  assisted by counsel, petitioner moved to reopen and reconsider, explaining that he was
3  unable to attend the hearing because, contrary to his expectations, the fishing vessel on
4  which he was working did not return to land until the end of March 2002. *Id.* at R65-63.
5  The motion to reopen was granted. *Id.* at R52. A hearing on the merits, during which
6  petitioner was represented by counsel, finally occurred on April 8, 2003, at which time
7  petitioner's application for asylum and withholding of deportation was denied by oral ruling
8  and petitioner was ordered removed to Congo. *Id.* at L150. On June 30, 2004, the Board of
9  Immigration Appeals affirmed the decision. *Id.* at L152. On January 9, 2007, petitioner was
10 arrested by a fugitive operations team, Exh. G to Government's Opposition (docket no. 11),
11 and he is currently at the Northwest Detention Center in Tacoma, *see* Petition for Writ of
12 Habeas Corpus at 1 (docket no. 5).

13 **Discussion**

14      In his Motion for Stay of Deportation, Petition for Emergency Stay of Deportation,
15 and Petition for Writ of Habeas Corpus, petitioner indicates that he seeks relief from the
16 order of removal, which became final on June 30, 2004, so he may pursue reopening of his
17 application for asylum and withholding of deportation. In his Motion for Expedited
18 Removal, petitioner appears to ask for release from detention to effectuate removal to Congo.
19 The Court observes, however, that petitioner has filed an action in the Ninth Circuit, which
20 has entered a temporary stay of removal pursuant to General Order 6.4(c), so execution of
21 the removal order is not currently permitted. *See* Docket Entry dated August 10, 2007, Case
22 No. 07-73156.

23      This Court lacks jurisdiction to consider the merits of petitioner's requests. *See*
24 8 U.S.C. § 1252(a)(2), (a)(5), (e)(2), & (g). To the extent that the Reports and
25 Recommendations evaluate the probability of success on the merits, the possibility of
26 irreparable harm, the seriousness of legal questions, the balance of hardships, the likelihood

ORDER  3–

of removal in the reasonably foreseeable future, or the date on which the removal period commenced, the Court declines to adopt those portions of the Reports and Recommendations.  The Court holds simply that it does not have jurisdiction to "hear any cause or claim . . . arising from the decision or action by the Attorney General . . . to execute removal orders against any alien."  8 U.S.C. § 1252(g).

IT IS SO ORDERED.

DATED this 28th day of September, 2007.

Thomas S. Zilly
United States District Judge